UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DAVID FRANK SOWINSKI,

                      Plaintiff,

               v.

ANDREW M. SAUL,[1] Commissioner of
  Social Security,

                      Defendant.
_____

**DECISION
and
ORDER

18-CV-6390F
(consent)**

APPEARANCES:        LAW OFFICES OF KENNETH R. HILLER, PLLC
                              Attorneys for Plaintiff
                              KENNETH R. HILLER, and
                              TIMOTHY HILLER, of Counsel
                              6000 North Bailey Avenue, Suite 1A
                              Amherst, New York 14226

                              JAMES P. KENNEDY, JR.
                              UNITED STATES ATTORNEY
                              Attorney for Defendant
                              Federal Centre
                              138 Delaware Avenue
                              Buffalo, New York 14202
                                     and
                              KATHRYN L. SMITH
                              Assistant United States Attorney
                              United States Attorney's Office
                              100 State Street
                              Rochester, New York 14614
                                     and
                              OONA MARIE PETERSON
                              Special Assistant United States Attorney, of Counsel
                              Social Security Administration
                              Office of General Counsel
                              26 Federal Plaza – Room 3904
                              New York, New York 10278
                                   and

---

[1] Andrew M. Saul became the Commissioner of the Social Security Administration on June 17, 2019, and, pursuant to Fed.R.Civ.P. 25(d), is substituted as Defendant in this case. No further action is required to continue this suit by reason of sentence one of 42 U.S.C. § 405(g).

JOSHUA R. SUMNER
Special Assistant United States Attorneys, of Counsel
Social Security Administration
Office of General Counsel
601 E. 12th Street, Room 965
Kansas City, Missouri  64106

## **JURISDICTION**

On July 9, 2019, this matter was reassigned to the undersigned before whom the parties to this action consented pursuant to 28 U.S.C. § 636(c) to proceed in accordance with this court's June 29, 2018 Standing Order (Dkt. 14).  The matter is presently before the court on motions for judgment on the pleadings filed by Plaintiff on December 17, 2018 (Dkt. 8), and by Defendant on February 13, 2019 (Dkt. 12).

## **BACKGROUND**

Plaintiff David Frank Sowinski ("Plaintiff"), brings this action under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 405(g), seeking judicial review of the Commissioner of Social Security's final decision denying Plaintiff's application filed with the Social Security Administration ("SSA"), on January 22, 2015, for Social Security Disability Insurance ("SSDI" or "disability benefits").  Plaintiff alleges he became disabled on April 15, 2014, based on osteoporosis, hypertension, glaucoma, arthritis, and low thyroid.  AR[2] at 252, 272.  Plaintiff's application initially was denied on March 3, 2015, AR at 163-69, and at Plaintiff's timely request, on February 28, 2017, a hearing was held in Rochester, New York, before administrative law judge John P. Costello ("the ALJ).  AR at 129-62.  Appearing and testifying at the hearing were Plaintiff, who was

---

[2] References to "AR" are to the page of the Administrative Record electronically filed by Defendant on December 17, 2018 (Dkt. 7).

without legal representation yet agreed to proceed unrepresented, and vocational expert ("VE") Dawn Blythe.

On April 27, 2017, the ALJ issued a decision denying Plaintiff's claim, AR at 13-25 ("the ALJ's decision"), which Plaintiff timely appealed to the Appeals Council, AR at 229-30, submitting additional medical records in support of his application. AR at 26-118. On March 30, 2018, the Appeals Council issued a decision denying Plaintiff's request for review, rendering the ALJ's decision the Commissioner's final decision. AR at 1-7. On May 25, 2018, Plaintiff commenced the instant action seeking judicial review of the ALJ's decision.

On December 17, 2018, Plaintiff moved for judgment on the pleadings (Dkt. 8-2) ("Plaintiffs' Motion"), attaching the Memorandum of Law in Support of Plaintiff's Motion for Judgment on the Pleadings (Dkt. 8-3) ("Plaintiff's Memorandum").[3] On February 13, 2019, Defendant moved for judgment on the pleadings (Dkt. 12) ("Defendant's Motion"), attaching the Commissioner's Brief in Support of the Commissioner's Motion for Judgment on the Pleadings and in Response to Plaintiff's Brief Pursuant to Local Standing Order on Social Security Cases (Dkt. 12-1) ("Defendant's Memorandum"). Filed on March 5, 2019, was Plaintiff's Reply Brief (Dkt. 13) ("Plaintiff's Reply"). Oral argument was deemed unnecessary.

Based on the foregoing, Plaintiff's Motion is GRANTED; Defendant's Motion is DENIED.

---

[3] Because of an electronic court filing error, Plaintiff missed the original December 14, 2018 filing date for dispositive motions but, upon discovering the error, moved on December 17, 2018 (Dkt. 8) for an extension of time to file, explaining in the accompanying Affirmation of Timothy Hiller, Esq. (Dkt. 8-1), that Defendant had consented to the request. Plaintiff's Motion and Plaintiff's Memorandum were attached to the motion seeking an extension of the filing deadline, which request was granted by Text Order entered December 18, 2018 (Dkt. 9).

# **FACTS**[4]

Plaintiff David Frank Sowinski ("Plaintiff" or "Sowinski"), born January 22, 1953, was 61 years old as of April 14, 2014, his alleged disability onset date ("DOD"), and 64 years old as of May 2, 2017, the date of the ALJ's decision. AR at 133. Prior to the February 28, 2017 administrative hearing, Plaintiff applied for and began receiving Social Security retirement benefits. AR at 136. Plaintiff is divorced, has no children, and lives by himself in a single story, ranch style home, and takes care of his pet cat. AR at 15, 260.

Plaintiff is a high school graduate and earned a two-year technical degree from Monroe Community College. AR at 134. Plaintiff worked for more than 40 years as a fleet mechanic for Hertz Corporation ("Hertz"), a car rental company located at the Rochester airport, where he was in charge of vehicle inventory and work flow involving all aspects of maintenance and repair. AR at 134-35, 253-54. Plaintiff maintains that during the last two years of his employment with Hertz, he was assigned work more difficult and requiring heavier exertion than younger employees, purportedly to encourage retirement of the older workers whose pay and benefits were more than younger employees. AR at 137-38. On April 14, 2014, Plaintiff was suspended and then terminated from his employment for refusing to work mandatory overtime because he was in pain from arthritis. AR at 138-39, 147. Plaintiff has not worked since leaving Hertz's employ, but received unemployment benefits for 39 weeks and has since applied for and receives Social Security retirement benefits. AR at 136, 140.

---

[4] In the interest of judicial economy, recitation of the Facts is limited to only those necessary for determining the pending motions for judgment on the pleadings.

Plaintiff is able to tend to his personal needs and grooming, AR at 260, has a driver's license and regularly drives for errands including grocery and household shopping. AR at 262-63. Plaintiff cleans his house, does yardwork, cooks his own meals, grocery shops, does laundry, maintains his own vehicles, and pursues several hobbies including reading, collecting model trains, restoring antique radios, and repairing antique boat engines. AR at 152-54, 260-64. Socially, Plaintiff has a girlfriend, AR at 251, attends weekly church services, AR at 264, and participates in monthly activities with a church group. AR at 264.

Throughout the time relevant to this matter, Plaintiff's primary care physician was Margaret M. Bergin, M.D. ("Dr. Bergin"), and also treated with Ummara Shah, M.D. ("Dr. Shah"), a rheumatologist. AR at 328-41. In connection with his disability benefits application, Plaintiff underwent a consultative examination by Dr. Karl Eurenius, M.D. ("Dr. Eurenius"), an internist, on February 19, 2015. AR at 319-27.

## **DISCUSSION**

**1.     Standard and Scope of Judicial Review**

A claimant is "disabled" within the meaning of the Act and entitled to disability benefits when she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 416(i)(1); 1382c(a)(3)(A). A district court may set aside the Commissioner's determination that a claimant is not disabled if the factual findings are not supported by substantial evidence, or if the decision is based on legal error. 42 U.S.C. §§ 405(g),

1383(c)(3); *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). In reviewing a final decision of the SSA, a district court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotation marks and citation omitted). "Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* It is not, however, the district court's function to make a *de novo* determination as to whether the claimant is disabled; rather, "the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn" to determine whether the SSA's findings are supported by substantial evidence. *Id.* "Congress has instructed . . . that the factual findings of the Secretary,[5] if supported by substantial evidence, shall be conclusive." *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

**2.     Disability Determination**

The definition of "disabled" is the same for purposes of receiving SSDI and SSI benefits. *Compare* 42 U.S.C. § 423(d) *with* 42 U.S.C. § 1382c(a). The applicable regulations set forth a five-step analysis the Commissioner must follow in determining eligibility for disability benefits. 20 C.F.R. §§ 404.1520 and 416.920. *See Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir. 1986); *Berry v. Schweiker*, 675 F.2d 464 (2d Cir. 1982). If the claimant meets the criteria at any of the five steps, the inquiry ceases and the claimant is not eligible for disability benefits. 20 C.F.R. §§ 404.1520 and 416.920.

---

[5] Pursuant to the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security, effective March 31, 1995.

The first step is to determine whether the applicant is engaged in substantial gainful activity during the period for which the benefits are claimed. 20 C.F.R. §§ 404.1520(b) and 416.920(b). The second step is whether the applicant has a severe impairment which significantly limits the physical or mental ability to do basic work activities, as defined in the relevant regulations. 20 C.F.R. §§ 404.1520(c) and 416.920(c). Third, if there is an impairment and the impairment, or its equivalent, is listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 of the regulations ("Appendix 1" or "the Listings"), and meets the duration requirement of at least 12 continuous months, there is a presumption of inability to perform substantial gainful activity, and the claimant is deemed disabled, regardless of age, education, or work experience. 42 U.S.C. §§ 423(d)(1)(A) and 1382a(c)(3)(A); 20 C.F.R. §§ 404.1520(d) and 416.920(d). As a fourth step, however, if the impairment or its equivalent is not listed in Appendix 1, the Commissioner must then consider the applicant's "residual functional capacity" or "RFC" which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding the limitations posed by the applicant's collective impairments, *see* 20 C.F.R. 404.1520(e)-(f), and 416.920(e)-(f), and the demands of any past relevant work ("PRW"). 20 C.F.R. §§ 404.1520(e) and 416.920(e). If the applicant remains capable of performing PRW, disability benefits will be denied, *id.*, but if the applicant is unable to perform PRW relevant work, the Commissioner, at the fifth step, must consider whether, given the applicant's age, education, and past work experience, the applicant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy." *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks and citation omitted); 20 C.F.R. §§ 404.1560(c) and 416.960(c). The burden of

proof is on the applicant for the first four steps, with the Commissioner bearing the burden of proof on the final step. 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4); *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008).

In the instant case, the ALJ found Plaintiff met the insured status requirements for SSDI through December 31, 2018, AR at 18, has not engaged in substantial gainful activity since April 15, 2014, his alleged disability onset date, AR at 18, and suffers from the severe impairments of osteoporosis and fibromyalgia, as well as non-severe impairments of glaucoma, hypertension, and anxiety, but does not have an impairment or combination of impairments meeting or medically equal to the severity of any listed impairment in Appendix 1, *id.* at 18-19, that Plaintiff retains the RFC to perform a full range of medium work, *id.* at 19-21, and remains capable of performing his PRW as an auto mechanic as such job generally is performed. *Id.* at 21. Based on these findings, the ALJ determined Plaintiff is not disabled as defined under the Act. *Id.* at 21.

Plaintiff does not contest the ALJ's findings with regard to the first three steps of the five-step analysis, but argues the ALJ's determination of Plaintiff's RFC at the fourth step is not supported by substantial evidence in the record, Plaintiff's Memorandum at 8-12, the ALJ did not explain the basis for his credibility determination concerning Plaintiff's subjective complaints, *id.* at 12-15, and the Appeals Council failed to consider new and material evidence of additional severe impairments. *Id.* at 15-18. Defendant argues the ALJ's determination is supported by substantial evidence because the ALJ properly evaluated Plaintiff's alleged disabling symptoms, Defendant's Memorandum at 11-16, and medical opinions, *id.* at 16-21, and the evidence Plaintiff submitted to the Appeals Council does not warrant remand because it was either duplicative or

8

cumulative of evidence already in the record.  *Id.* at 21-23.  In further support of remand, Plaintiff argues Defendant fails to demonstrate the RFC assessment that Plaintiff remains capable of medium work is supported by substantial evidence in the record.  Plaintiff's Reply at 1.  The record in this case fails to support the ALJ's determination.

Plaintiff particularly challenges the ALJ's determination that Plaintiff retains the RFC for the full range of work at the medium exertional level, including Plaintiff's PRW as an auto mechanic which the VE testified generally is considered medium work, although Plaintiff's description of his specific auto mechanic job was consistent with an exertional level of heavy.  AR at 157-58.  It is significant that in finding Plaintiff retains the RFC for work at the medium exertional level, the ALJ relied on the Medical Vocational Guidelines, 20 C.F.R. Part 404, Subpt. P, App. 2, commonly referred to as the "grids."  Generally, where a claimant relies on only exertional impairments, *i.e.*, strength limitations, to establish disability, the Commissioner may satisfy his burden by resorting to the applicable grids.  *Pratts v. Chater*, 94 F.3d 34, 38-39 (2d Cir. 1996). "The grids 'take into account the claimant's residual functional capacity in conjunction with the claimant's age, education and work experience.'  Based on these considerations, the grids indicate whether the claimant can engage in any substantial gainful work existing in the national economy."  *Roma v. Astrue*, 468 Fed.Appx. 16, 20 (2d Cir. Jan. 19, 2012) (quoting *Bapp v. Bowen*, 802 F.2d 601, 603-04 (2d Cir. 1986) (internal quotation marks and citation omitted).

In the instant case, the ALJ, taking into considerations such relevant characteristics as Plaintiff's age, education, work experience, and functional ability, determined that Rule 203.07 of the grids directed a finding of "not disabled."  AR at 21.

Rule 203.07 specifies that a person of Plaintiff's age, defined as "closely approaching retirement age," with more than a high school education but which does not provide for direct entry into skilled work, and whose previous work experience is skilled or semi-skilled, with such skills not transferrable to other work, is considered not disabled.[6] If, however, a claimant fits the same vocational criteria but is limited to work at the light, as opposed to medium, exertional level,[7] such claimant would be considered disabled under Rule 202.06 of the grids. Accordingly, the ALJ's assessment that Plaintiff's RFC permits Plaintiff to work at the medium exertional level is critical to the determination that Plaintiff is not disabled.

In assessing Plaintiff with the RFC for medium work, the ALJ relied on the only medical opinion evidence in the record, *i.e.*, the consultative medical examination of Dr. Eurenius, AR at 20-21, who opined that Plaintiff "is mildly limited in bending, lifting, carrying, pushing, and pulling due to a combination of chronic low back pain, left shoulder pain, and right hip pain." AR at 323. Plaintiff argues Dr. Eurenius's opinion does not sufficiently align with the ALJ's determination that Plaintiff is capable of the full range of work at the exertional level of medium, such that the ALJ impermissibly substituted his own lay opinion for that of medical evidence. Plaintiff's Memorandum at

---

[6] Although at the administrative hearing, the ALJ also obtained testimony from the VE that there were several jobs considered to be of light exertion to which Plaintiff's skills were transferrable, AR at 159, in his decision, the ALJ relied on Rule 203.07, thereby establishing the ALJ considered Plaintiff's skills were not transferrable.

[7] As defined under the relevant regulations, "light" work
> involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. . . .

20 C.F.R. § 404.1567(b).
In comparison, "medium" work
> involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. . . .

20 C.F.R. § 404.1567(c).

10-11.  Plaintiff's argument is correct because although the ALJ is permitted to rely on such consultative opinion, particularly when the opinion is consistent with the record as a whole, *Monette v. Colvin*, 654 Fed.Appx. 516, 518 (2d Cir. July 7, 2016) (citing cases), here, the record is devoid of any evidence establishing Plaintiff retains the RFC for medium exertional work.

The RFC determination is reserved for the Commissioner, 20 C.F.R. §§ 404.1527(e)(2), and 416.927(e)(2), yet "an ALJ's RFC assessment is a medical determination that must be based on probative medical evidence of record. . . . . Accordingly, an ALJ may not substitute his own judgment for competent medical opinion." *Lewis v. Commissioner of Social Security*, 2005 WL 1899399, at * 3 (N.D.N.Y. Aug. 2, 2005) (citing cases).  In the instant case, the ALJ's determination that Plaintiff retains the RFC for the full range of work at the medium exertional level, including Plaintiff's PRW as an auto mechanic, is not supported by substantial evidence in the record insofar as Dr. Eurenius opined that Plaintiff's limitations in bending, lifting, carrying, pushing and pulling are "mild."  *See Vann v. Commissioner of Social Security*, 2016 WL 3526076, at * 8 (N.D.N.Y. May 27, 2016) (citing *Curry v. Apfel*, 209 F.3d 117, 123 (2d Cir. 2000) (considering physician's use of terms "moderate" and "mild" without any additional information too vague which "does not permit the ALJ, a layperson notwithstanding her considerable and constant exposure to medical evidence, to make the necessary inference" that the plaintiff could perform the exertional requirements for a specific level of work), *superseded by regulation on other grounds* by 20 C.F.R. § 404.1560(c)(2).  Similar to the instant case, in *Vann* the court found that the medical opinion of the consultative examiner "could actually be read to support the exertional

requirements of sedentary, light, or even medium work because she concluded Plaintiff had only 'mild limitations to exertional activity, bending, twisting of the lumbar spine, or heavy lifting.'"  *Vann*, 2016 WL 3526076, at * 8 (quoting administrative record).

Nor is this a situation where the ALJ is permitted to rely on common-sense.  *See Keller v. Comm's of Soc. Sec.*, __ F.Supp.3d __; 2019 WL 4426352, at * 5 (W.D.N.Y. Sept. 16, 2019) (determining that under the circumstances, including that the medical evidence of record established the claimant's condition was "largely normal, with only mild ongoing complications from her spinal surgery . . . it was not reversible error for the ALJ to make a common-sense assessment of Plaintiff's physical RFC.").  To the contrary, here the record establishes Plaintiff was terminated from his long-term employment when he refused to work overtime because of pain attributed to Plaintiff's arthritis, an impairment for which there is medical evidence in the record, which is consistent with Dr. Eurenius's diagnosis of Plaintiff with "osteoarthritis and osteoporosis, particularly of the left shoulder, back, and right hip."  AR at 423.  Plaintiff was also diagnosed with diffuse pain and stiffness, swollen joints, and possible arthritis or connective tissue disease by Dr. Shah, a rheumatologist.  *See, e.g.*, AR at 328-32 (examining Plaintiff on September 1, 2015, and finding Plaintiff with elevated ANA (antinuclear antibodies indicative of autoimmune disease such as connective tissue disease), generalized body pain and stiffness possibly due to osteoarthritis of multiple joints and overlapping pain syndrome); and 336-39 (follow-up examination of December 6, 2015, finding Plaintiff with "very elevated" ANA, diffuse pain, most severe in upper and lower back and legs, and pain noted at all myofascial trigger joints).  Neither Dr. Shah nor Dr. Eurenius, however, opined as to how Plaintiff's diffuse pain and stiffness

impacted Plaintiff's exertional capacity for work.  It is only where the record contains sufficient evidence to permit the ALJ to render a common-sense RFC determination that the ALJ is not required to develop the record by seeking a physician's function-by-function assessment of the Plaintiff.  *Tankisi v. Comm'r of Soc. Sec.*, 521 Fed.Appx. 29, 34 (2d Cir. Apr. 2, 2013) (affirming District Court's decision that ALJ's determination that disability claimant's RFC did not render her disabled was supported by substantial evidence, which did not include a function-by-function assessment, but included two consultative examinations which were consistent with an extensive medical record and the findings of one of the claimant's treating physicians).  In contrast, in the instant case, the medical record is not extensive and contains no other opinion of any physician, treating or otherwise, such that there is a gap in the record, *i.e.*, whether Plaintiff's exertional restriction is to medium or light work.  *Contrast*, *id.* (remand not required to further develop the record where "the record contains sufficient evidence from which an ALJ can assess the petitioner's residual functional capacity").  Significantly, the non-adversarial nature of a disability benefits proceeding obligates the ALJ to affirmatively develop the record to fill in any gaps of the kind relevant to this case.  *Pratts v. Chater*, 94 F.3d 34, 37 (2d Cir. 1996).

The ALJ thus improperly relied on his lay opinion in assessing Plaintiff's RFC, particularly with regard to the determination that Plaintiff retains the exertional capacity for medium work, which is not supported by substantial evidence in the record, requiring remand.  Furthermore, upon remand, the ALJ should also reconsider the credibility of Plaintiff's subjective complaints in light of the new evidence to be obtained.

## **CONCLUSION**

Based on the foregoing, Plaintiff's Motion (Dkt. 8) is GRANTED; Defendant's Motion (Dkt. 12) is DENIED; the matter is remanded to the Commissioner for further proceedings consistent with this Decision and Order. The Clerk of Court is directed to close the file.

SO ORDERED.

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED: September 19, 2019
Buffalo, New York